IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOY EASTWOOD, On Behalf of Minor M.E., individually and on behalf of a class of others similarly situated, | : : : : | Case No. 3:18-cv-293 |
| Plaintiffs, | : : | **CLASS ACTION COMPLAINT** |
| | : : : : : | **JURY TRIAL DEMANDED** |
| v. | : : | |
| YAMHILL COUNTY, TIM SVENSON, Personally, JESSICA BEACH, Personally, SCOTT PAASCH, Personally, | : : : : : : : : | : |
| Defendants. | : : | |

## INTRODUCTION

This is a class action brought to redress the deprivation by Defendants of rights secured to the Plaintiffs and proposed Class by the United States Constitution and the laws of the United States of America. For at least the past several years, the Yamhill County Juvenile Detention Center has had a policy of depriving jucveniles of basic rights, nutrition, water, rest, minimal sleep accomodations, and compelled exercise and

1

COMPLAINT

draconian physical discipline and punishment for non-threatening limb movements or direct eye contact with staff, denial of medications, and verbal harassment and demeaning insults for all who enter the Yamhill County Juvenile Detention Center (hereinafter "YCJDC") regardless of charge. Upon information and belief, this policy is, in part, derived from the written procedures of the aforementioned County Departments, and was promulgated by senior Department officials; named individually above.

In short, the policy of Yamhill County and County's Juvenile Department of forcing minor detainees with indignities, physical and emotionla abuse upon entry into the YCJDC is not only clearly illegal, but is degrading, insensitive and unnecessary.

Current minor, M.E., through his parent/ guardian, Joy Eastwood, brings this action on behalf of himself, and on behalf of a class of hundreds if not thousands of other minors or former minors who were mistreated on a daily basis, indicating the clear and unnecessary violation of their civil rights and those of the class members they propose to represent. For example, minor M.E. was taken into custody on multiple occasions. He was denied psych meds, proper nutrition, denied a pillow or the right to lay down on his "bed" during the day, compelled to do strenuous exercise twice daily, disciplined if he looked directly at staff, physically restrained if he raised his arms above his head and disciplined.

He was transported to the YCJDC and was subjected to multiple deprivations and indignities, in violation of their rights against unreasonable searches under the Fourth Amendment of the United States Constitution. M.E.. and the proposed class seek

2

COMPLAINT

monetary damages for themsemselves and each member of the proposed class, a declaration that the YCJDC Department's policies/practices are unconstitutional, and an injunction precluding Yamhill County from continuing to violate the rights of those placed into their custody.  With this as a background, Plaintiff  M.E, hereby complains as follows:

## JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages, punitive damages, and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1981 & 1983.  This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201, as it is filed to obtain declaratory relief relative to the Constitutionality of the policies of a local government.

2. Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiffs' claims and those of proposed class members occurred in this judicial district.

## PARTIES

3. Plaintiff M.E. a minor,  resides in Yamhill County, Oregon. Defendant Yamhill County (the "County") is a county government organized and existing under the laws of the State of Oregon.   At all times relevant hereto, the County, acting through its Juvenile Department, was responsible for the policies, practices, supervision, implementation and

3

COMPLAINT

conduct of all matters pertaining to the YCJDC and was responsible for the appointment, training, supervision and conduct of all Department personnel, including those working in the YCJDC.  In addition, at all relevant times, the County was responsible for enforcing the rules of the YCJDC, and for ensuring that Juvenile Department personnel employed in the YCJDC obey the Constitution and laws of the United States and of the State of Oregon.

4.  Defendant Tim Svenson is the Yamhill County Sheriff. Defendant Jessica Beach is the director of Yamhill County Juvenile and Defendant Scott Paasch is the Division Manager overseeing the YCJDC, and, as such, are jointly policy makers with respect to the treatment of pre-trial and other detainees over which the YCJDC exercises custodial or other control. They are made Defendants in this action in both their individual and official capacities.   Collectively, Ms. Beach, Mr. Svenson and Mr. Paasch will be referred to as the "Policy Making Defendants."

## CLASS ACTION ALLEGATIONS

5.  Plaintiffs bring this action pursuant to Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals who were charged with misdemeanors or minor crimes and were strip searched upon their entry into the respective County Jails.

6.  The classes that Plaintiffs seek to represent are defined as follows:

> All persons who have been or will be placed into the custody of the Yamhill County Juvenile Detention Center (YCJDC) after being charged with misdemeanors, violations, civil commitments, non-

drug, non-weapon offense or other minor crimes and were or will be strip searched upon their entry into the YCJDC pursuant to the policy, custom and practice of the Yamhill County Juvenile Detention Department. The class period commences on February 14, 2016 and extends to the date on which Yamhill County is enjoined from, or otherwise cease, enforcing their unconstitutional policies, practices and customs of conducting demeaning, deprivatory conditions of confinement. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

7. This action has been brought and may properly be maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

8. The members of the class are so numerous as to render joinder impracticable. Upon information and belief, there are hundreds of people arrested for misdemeanors, violations and non-drug, violence or weapon offenses who are placed into the custody of the YCJDC every month – all of whom are members of the proposed class. Upon information and belief, the size of the proposed class totals at least 1,000 individuals, some of whom have had their civil rights violated on multiple occasions.

9. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely dispersed over a large geographical area, with some members presently residing outside of the County and this Judicial District. Furthermore, upon information and belief, many members of the class are low-income persons, may not

COMPLAINT

speak English, and likely would have great difficulty in pursuing their rights individually.

10. Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from unreasonable searches violated by Defendants' conducting strip searches absent particularized suspicion. All members of the class were charged with misdemeanors or violations or non-drug, non-weapon felonies when placed into the custody of their YCJDC, and suffered deprivations of their rights as a result of their conditions of confinement in violation of the clearly established law in this judicial circuit.

11. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's and all members of the class sustained damages arising out of Defendants' course of conduct. The harms suffered by the Plaintiff are typical of the harms suffered by the class members.

12. The representative Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to the interests of the members of the Class.

13. Plaintiff has retained counsel who has substantial experience and success in the prosecution of civil rights litigation.

14. Counsel for Plaintiff knows of no conflicts among members of the class, or between counsel and members of the putative class.

15. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiff seeks class certification under Fed. R. Civ. P. 23(b)(2), in that all class

members were subject to the same policy of demeaning and unconstitutional deprivations, discipline and sub-standard conditions of confinement and placed into the custody of the YCJDC. In short, the aforementioned County Departments, the Policy Making Defendants and County Corrections Officers acted on grounds generally applicable to all class members.

16. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiffs seek certification under Rule 23(b)(3).

17. Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants' written and/or *de facto* policy/ practice or policy of demeaning and unconstitutional deprivations, discipline and sub-standard conditions of confinement while in the YCJDC is a violation of the Fourth and Fourteenth Amendments to the United States Constitution, and whether such a written and/or *de facto* policy existed during the class period.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized

COMPLAINT

litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

19. Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of thousands of individuals, even though the Defendants have maintained their illegal strip search regimen for the past several years.

20. In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs also seek partial certification under Fed. R. Civ. P. 23(c)(4).

## FACTS

### Facts Applicable to the Class Generally

21. The Fourth Amendment of the United States Constitution prohibits state officials, such as the Policy Making Defendants in this action and the Corrections Officers they supervise, from performing strip searches of arrestees who have been charged with misdemeanors or other minor crimes unless the officer has reasonable suspicion to believe that the arrestee is concealing a weapon or contraband.

22. Upon information and belief, the YCJDC and the Policy Making Defendants have instituted a written and/or *de facto* policy, custom of draconinan, demeaning and unconstitutional deprivations, discipline and sub-standard conditions of confinement and all individuals who enter the custody of their YCJDC.

23. The aforementioned YCJDC, and the Policy Making Defendants know that they may not institute, enforce or permit enforcement of a policy or practice of demeaning and unconstitutional deprivations, discipline and sub-standard conditions of confinement.

24. The Defendants' written and/or *de facto* policy, practice and custom mandating wholesale implementation of demeaning and unconstitutional deprivations, discipline and sub-standard conditions of confinement and has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

25. Upon information and belief, the aforementioned YCJDC and Policy Making Defendants have promulgated, implemented, enforced, and/or failed to rectify a written and/or *de facto* policy, practice or custom of demeaning and unconstitutional deprivations, discipline and sub-standard conditions of confinement and Pursuant to this written and/or *de facto* policy, each member of the Class, including the named Plaintiffs, were the victims of theese deprivations and substandard conditions of confinement upon their entry into their YCJDC.

26. As a direct and proximate result of the unlawful strip search conducted pursuant to this written and/or *de facto* policy, the victims of these unlawful deprivations and substandard conditions of confinement – each member of the class, including the named Plaintiff(s) – have suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

**Facts Applicable to the Named Plaintiff M.E.**

27. M.E. entered the YCJDC on the following dates: November 7-8, 2016. August 8-9, 2017 and September 8-10, 2017.

28. On each occasion, there was no reasonable basis to deny him a pillow, deny him mental health medications, deny adequate and edible foor and adequate water, diciplined for direct eye contact with staff or raising arms above waist.

29. As a direct and proximate result of these unlawful poicies adhered to and conducted

pursuant to County and Sheriff's Department policy, practice and custom, M.E. has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law

### -- Unreasonable Search and Failure to Implement Municipal Policies to Avoid Constitutional Deprivations Under of Color of State Law

**30.** The Fourth Amendment of the United States Constitution protects citizens from unreasonable treatment and excessive force by law enforcement officers, and prohibits officers from using force andintimidation and comlusory strenuous exercise and substandard housing , no pillows, inadequate food and water and medicine.

31. The actions of Defendants detailed above violated Plaintiff's rights under the United States Constitution. Simply put, it was not objectively reasonable YCJDC Officers to deprive Plaintiffs and class members of basic needs such as adequate and proper food, water, pillows, freedom from compelled strenuous exercise, from physical, mental and emotional abuse.

32. It was also not objectively reasonable for the Policy Making Defendants to order/ direct County Corrections Officers to implement such policies.

33. These depriviationa and deplorable conditions confinement were implemented pursuant to the policy, custom or practice of the Counties and the County's Department. As such, the Counties are directly liable for the damages of the named Plaintiffs and members of the Class.

34. Upon information and belief, the aforementioned Director and Division Manager are responsible for establishing the policies and procedures to be utilized in the operation of their YCJDC, and are responsible for the implementation of the customs, and policies questioned in this lawsuit. As such, the Sheriff is individually responsible for the damages of the named Plaintiff(s) and members of the Class.

35. Named individuals knew that said policies were illegal, and acted willfully, knowingly, and with specific intent to deprive Plaintiffs and members of the Class of their Constitutional rights.

COMPLAINT

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

**-- Demand for Declaratory Judgment —**Plaintiffs incorporate by reference and realleges each and every allegation stated in paragraphs 1 through 39.

40. The policy, custom and practice of the County Departments, the Counties and the Policy Making Defendants are clearly unconstitutional, in that these entities and individuals are mistreating juvenile detainees /individuals placed into the YCJDC.

41. Plaintiffs and members of the Class request that this Court issue a declaratory judgment, and that it declare such policies of the County and the County Departments to be unconstitutional.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

**-- Demand for Preliminary and Permanent Injunction** Plaintiffs incorporate by reference and realleges each and every allegation stated in paragraphs 1 through 41.

42. The policy, custom and practice of the County Departments, the Counties and the Policy Making Defendants are clearly unconstitutional, in that these entities and individuals are directing/implementing these deprivations and indignities for everyone placed into their YCJDC.

43. Upon information and belief, this policy is currently in place at the named YCJDC, with new and/or prospective members of the Class being subjected to the harms that have already been inflicted upon the named Plaintiff(s).

44. The continuing pattern of deprivations and demeaning conditions of confinement will cause irreparable harm to the new and/or prospective members of the Class, an adequate remedy for which does not exist at law.

45. Plaintiffs demand that the Counties, the County Departments, the Policy Making Defendants and County Corrections Officers immediately desist from implementing said draconian policies and practices and seek both a preliminary and permanent injunction

COMPLAINT

## **DEMAND FOR PUNITIVE DAMAGES**

46. The actions of the Individual Defendants detailed herein are outrageous, in that they continue to propagate an illegal deprivations and deplorable conditions of confinement policy even though they know for a fact that their actions are unconstitutional.

47. It is clear that the Policy Making Defendants, the Counties and the County Departments and all other named defendant counties have no respect for the civil rights of individual citizens or for the rule of law. Consequently, an award of punitive damages is necessary to punish the Policy Making Defendants, and to send a message to them that the requirements of the United States Constitution also apply to government officials in all named counties.

## **DEMAND FOR TRIAL BY JURY**

48. Plaintiff(s) request trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs E.M., et al. on behalf of themselves and on behalf of a class of others similarly situated, request that this Honorable Court grants them the following relief:

A. An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

B. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to each named Plaintiff and each member of the proposed class in an amount to be determined by a Jury and/or the Court on both an individual and a class wide basis.

C. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for $1,000,000.00 in punitive damages for each.

        all detainees entering the respective County YCJDC detention center, to be unconstitutional and improper.

E.    A preliminary and permanent injunction enjoining Defendants from continuing to implement theses policies and customs

F.    A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23

                                            Respectfully submitted by:

                                            S//S Leonard R. Berman

Dated:  February 14, 2018            _____

                                            Leonard R. Berman, OSB # 96040
                                            **ATTORNEY FOR PLAINTIFF AND THE PROPOSED CLASS**

COMPLAINT