IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOY EASTWOOD**, on behalf of Minor **M.E.**, individually, and on behalf of a class of others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>**YAMHILL COUNTY, TIM SVENSON, JESSICA BEACH, SCOTT PAASCH**,<br><br>       Defendants. | Case No. 3:18-cv-0293-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On November 14, 2018, Plaintiff filed a motion for leave to file an amended complaint (ECF 30) and a motion for a temporary restraining order ("TRO") (ECF 32). Plaintiff's original, and currently operative, complaint alleges that Defendants violated the Fourth Amendment of the U.S. Constitution. Plaintiff's proposed amended complaint alleges that Defendants violated the Eighth and First Amendments, in addition to the Fourth Amendment.

Plaintiff's motion for a TRO contains no factual or legal discussion, but states that it is based on, and incorporates by reference, the Declaration of Janice Edwards. Ms. Edwards' declaration contains statements involving alleged violations of the First and Eighth Amendments. There are no statements relating to violations of the Fourth Amendment. Plaintiff also later filed the Declaration of J.E., which similarly contains allegations relating to purported First and Eighth Amendment violations but not Fourth Amendment violations. Accordingly, Plaintiff's motion for TRO does not involve any claim alleged in the current operative complaint, but only

claims alleged in the proposed amended complaint. This renders Plaintiff without a likelihood of success on the merits on his motion for TRO based on the current operative complaint. Plaintiff's motion, therefore, is denied with leave to renew if he is allowed to file his amended complaint. The hearing set for Friday, November 30, 2018, is stricken.

Plaintiff also filed a motion to transport (ECF 46) the witness J.E. from the state juvenile facility to testify at the hearing. This motion is denied as moot. If a future hearing is scheduled, however, Plaintiff may not simply file a motion to transport the witness if Plaintiff wishes to have J.E. testify in court. Having a juvenile witness transported from state custody for a civil proceeding is not a simple matter and involves paperwork that Plaintiff's counsel must file, whether it is a Writ of Habeas Corpus Ad Testificandum or other appropriate document. Plaintiff's counsel must ascertain the necessary documents and file them.

If Plaintiff instead chooses to have J.E. testify via video, Plaintiff's counsel must set up and coordinate the technical details with the state facility and the Court. Otherwise, Plaintiff may rely on a declaration from J.E. in support of any renewed TRO.

## CONCLUSION

Plaintiff's motion for a temporary restraining order (ECF 32) is DENIED, without prejudice and with leave to renew if Plaintiff is permitted to file his amended complaint. Plaintiff's unopposed motion to transport a witness or for leave to have the witness testify via Skype (ECF 46) is DENIED AS MOOT. The hearing scheduled for Friday, November 30, 2018 is STRICKEN.

**IT IS SO ORDERED.**

DATED this 28th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER