IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOY EASTWOOD**, on behalf of Minor M.E., individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**YAMHILL COUNTY, TIM SVENSON,** personally**, JESSICA BEACH, PERSONALLY,** and **SCOTT PAASCH,** personally**,**<br><br>Defendants,<br><br>v.<br><br>**CORRECT CARE SOLUTIONS,**<br><br>Third-Party Defendant. | Case No. 3:18-cv-293-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on February 8, 2021. Judge You recommended that this Court grant Defendants' and Third-Party Defendant's motions for summary judgment.

PAGE 1 –ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff did not object to a number of Judge You's findings and recommendations, which the Court reviews for clear error. These are as follows:

- Granting summary judgment on Plaintiff's strip search, class action, injunctive, and declaratory relief claims;
- Dismissal of the claims against the individual defendants;
- Exclusion of portions of Plaintiff's declaration where he impermissibly makes a medical diagnosis;

- Exclusion of portions of the declaration of Joy Eastwood where she impermissibly makes a medical diagnosis;

- Exclusion of portions of the declaration of Floyd Eastwood where he testifies to facts about which he has no personal knowledge and impermissibly makes a medical diagnosis;

- Exclusion of the declaration of Fernando Fuentes, who was not disclosed as a witness during discovery;

- Third-Party Defendant, brought into the case by Defendants on the basis of contribution and indemnity, is not liable if Defendants are not liable.

The Court has reviewed the above findings and recommendations for clear error on the face of the record. Having found no such error, the Court ADOPTS these findings and recommendation.

Plaintiff timely objects to part of Judge You's findings and recommendation. ECF 123. Plaintiff argues that Judge You ignored the correct legal standard and applied the incorrect legal standard when evaluating the conditions that Plaintiff alleges he suffered while in custody at a juvenile detention facility. Plaintiff argues that for claims by a non-convicted detainee brought under the Fourteenth Amendment, Judge You should have relied on the "conditions of confinement" standard, rather than the "failure to protect" standard. Defendants and Third-Party Defendants responded to Plaintiff's objections. ECF 124 and 125.

Plaintiff argues that his claims should have been analyzed to determine whether the conditions of his confinement amounted to punishment, by asking whether (1) the actions taken caused Plaintiff to suffer some harm or disability, (2) the purpose of the governmental action was to punish Plaintiff, and (3) the alleged actions had a legitimate penological objective. Plaintiff

cites only *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004), to support this contention. Because this standard only requires "some harm," Plaintiff argues that Judge You's application of the "serious harm" standard was in error. Plaintiff did not raise this purported "conditions of confinement" standard in his response to Defendants' Motion for Summary Judgment. This argument was therefore not before Judge You, and has been raised for the first time in Plaintiff's Objection. It is within this Court's discretion whether to accept a new argument submitted with objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court *must* consider new arguments raised in objections to a magistrate judge's findings and recommendation). The Court chooses to exercise its discretion and will consider this argument.

Defendants argue that Judge You applied the proper "objective deliberate indifference" standard for a Fourteenth Amendment conditions of confinement claim. *See Smith v. Washington*, 781 F. App'x 595, 597-98 (9th Cir. 2019), *reh'g denied* (Aug. 1, 2019) (a pre-trial detainee bringing a Fourteenth Amendment conditions of confinement claim must show that the conditions under which that detainee was confined "put the plaintiff at substantial risk of suffering serious harm"); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (pre-trial detainee conditions of confinement claims are analyzed using a standard of "objective deliberate indifference"). Defendants are correct. [1] Judge You applied the correct legal standard

---

[1] The Court notes that the Fourteenth Amendment's standard applies to minors in juvenile detention in Oregon regardless of whether they are pre- or post-adjudication, because the stated purpose of juvenile detention is not punishment, but rehabilitation. *See Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987) (affirming district court's holding that the Fourteenth Amendment applies to conditions of confinement in a juvenile detention facility); *R.G. v. Koller*, 415 F. Supp. 2d 1129, 1152 (D. Haw. 2006) (finding that even for juveniles who

by relying on the *Castro v. County. of Los Angeles* framework for objective deliberate indifference. 833 F.3d 1060 (9th Cir. 2016) (en banc). Plaintiff does not object to Judge You's finding and recommendation that if the objective deliberate indifference standard is applied, Plaintiff's claims, taken as true, do not state a constitutional violation.

Plaintiff ambiguously objects that there are genuine issues of fact but identifies no genuine issues of fact that preclude summary judgment. Plaintiff restates factual allegations, emphasizing that it has not been established that the alleged conditions had a legitimate penological purpose. But when the correct standard is used, this argument is irrelevant. Judge You found that when the facts were viewed in the light most favorable to Plaintiff, there was still no fact demonstrating a risk of serious harm. Plaintiff has not objected to this finding. A genuine issue of material fact exists when a material fact must be resolved to decide the ultimate legal question. As Judge You found, that is not the case here.

The Court ADOPTS Judge You's findings and recommendation (ECF 115). The Court GRANTS Defendants' Motion for Summary Judgment (ECF 84) and Third-Party Defendant's Motion for Summary Judgment (ECF 92).

**IT IS SO ORDERED**.

DATED this 2nd day of April, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

had been adjudicated delinquent, the Fourteenth Amendment applied because the purpose of the juvenile detention system was rehabilitation); *see also* Or. Rev. Stat. 419C.001(1).