**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOY EASTWOOD, On Behalf of Minor M.E., individually and on behalf of a class of others similarly situated,  Plaintiff-Appellant,  v.  YAMHILL COUNTY; et al.,  Defendants-third-party-plaintiffs-Appellees,  v.  CORRECT CARE SOLUTIONS, LLC,  Third-party-defendant-Appellee. | No. 21-35331  D.C. No. 3:18-cv-00293-YY  MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 20, 2022**
Portland, Oregon

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  PAEZ and BADE, Circuit Judges, and LEFKOW,[***] District Judge.

Joy Eastwood, on behalf of her minor son M.E.,[1] appeals the district court's grant of summary judgment in favor of Yamhill County and third-party Defendant Correct Care Solutions, LLC ("CCS").[2]  M.E. filed a 42 U.S.C. § 1983 lawsuit against Yamhill County alleging that he and other juveniles were deprived of their Fourteenth Amendment due process rights while in custody at Yamhill County Juvenile Detention Center ("YCJDC").[3]  We have jurisdiction under 28 U.S.C. § 1291 and review de novo.  *Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019).  We affirm.

As a threshold matter, Yamhill County argues that M.E. waived all substantive arguments by failing to set out clear arguments in his Opening Brief.

---

[***] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] We adopt the parties' convention and refer to appellant as M.E.

[2] Yamhill County countersued CCS for contribution and contractual indemnity. Although M.E. appeals the grant of summary judgment in favor of CCS, his opening brief does not raise any challenge to the district court's ruling.  The district court also granted summary judgment in favor of three individual Yamhill County employees, which M.E. does not appeal.  Because these issues are waived, we do not address them.

[3] M.E. conceded that his Fourth Amendment, class action, injunctive relief, and declaratory relief claims could not survive summary judgment.

2

M.E.'s brief fails to comply with Federal Rule of Appellate Procedure 28(a)(8)(A), which requires a brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28; *see also* Circuit Rule 28-2.8. Nonetheless, we address the merits of M.E.'s arguments because he has raised discrete issues for our review, and they have been fully briefed. *See* Fed. R. App. P. 2 (stating that this court may suspend any provision of these rules for good cause).

The district court did not err in granting summary judgment in favor of Yamhill County on M.E.'s § 1983 claim. We analyze a § 1983 claim against a municipality using the framework set forth in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). To establish a *Monell* claim against Yamhill County, M.E. must prove: "(1) that [he] possessed a constitutional right of which []he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

The first prong is not satisfied here: M.E. fails to establish that he was deprived of his Fourteenth Amendment due process rights. We evaluate M.E.'s claims under the Fourteenth Amendment because he was confined in a juvenile

3

detention facility, which is a "noncriminal and nonpenal" institution outside the scope of the Eighth Amendment. *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987). Fourteenth Amendment claims of unconstitutional conditions of confinement are analyzed under an objective deliberate indifference test. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016). This test asks whether: (1) "[t]he defendant made an intentional decision with respect to the conditions"; (2) "[t]hose conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "[t]he defendant did not take reasonable available measures to abate that risk"; and (4) by failing to take such measures, "the defendant caused the plaintiff's injuries." *Id.* at 1071.

Here, the district court reviewed the magistrate judge's report on M.E.'s claims about the conditions at YCJDC and concluded that M.E. was not "at substantial risk of suffering serious harm." We agree with the district court that the treatment did not rise to the level of deliberate indifference. M.E. claims that he disliked his food, had a broken water fountain in his cell, slept on an uncomfortable bed, was required to exercise for two hours per day, and was spoken to disrespectfully by staff, but there is no evidence that these conditions placed him at "substantial risk of suffering serious harm." *Cf. Castro*, 833 F.3d at 1072-73 (noting that plaintiff who was housed with a combative inmate in an inadequately monitored cell faced a substantial risk of serious harm).

Similarly, that M.E. did not receive mental health medication from November 7 to November 8, 2016, and experienced delays receiving his medication on August 8, 2017 and September 8, 2017, does not establish that he was at substantial risk of serious harm. We treat claims alleging deficient medical care "substantially the same as other conditions of confinement violations," applying the objective deliberate indifference test. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Although Yamhill County does not dispute that M.E. was taking psychotropic medications at the time, including Lexapro, Xanax (alprazolam), and Adderall, M.E. did not provide any medical evidence about his mental health conditions. Notably, he did not provide evidence from a treating physician explaining the effects of missing his medication. M.E. failed to show he had a "serious medical need," which if left untreated for the brief periods in question, "could result in further significant injury or the unnecessary and wanton infliction of pain." *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022).

The conditions of M.E.'s confinement during the short times he was incarcerated did not violate his constitutional rights. Accordingly, the district court did not err in granting summary judgment in favor of Yamhill County on the § 1983 claim.

**AFFIRMED.**